UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AARON JORDAN**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                     **NO. 15-1922**

**CITY OF NEW ORLEANS, ET AL.**                                        **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, Aaron Jordan ("Jordan"), to alter or amend the Court's February 17, 2016 order and reasons[2] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Defendants, Officer Derek Brumfield ("Officer Brumfield") and the City of New Orleans ("the City"), filed an opposition[3] to the motion.

Jordan argues that the motion to dismiss was improperly granted "insofar as it incorrectly held that [Officer Brumfield's] affidavit included detailed allegations of harassment and improperly made inferences in favor of [Officer Brumfield] and against [Jordan] in construing his complaint."[4] For the following reasons, the Court concludes that Jordan's motion should be denied.

## BACKGROUND

The Court assumes familiarity with the general background of this case as set forth in the Court's February 17, 2016 order and reasons, which granted defendants' motion to dismiss on the basis of qualified immunity.[5] In that order and reasons, the Court found that none of the good faith exceptions to Officer Brumfield's qualified immunity defense applied and that Officer Brumfield

---

[1] R. Doc. No. 25.
[2] R. Doc. No. 23.
[3] R. Doc. No. 28.
[4] R. Doc. No. 25-1, at 1.
[5] R. Doc. No. 23.

1

acted in an objectively reasonable manner in arresting the plaintiff. *See United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012) (setting forth the four good-faith exceptions to the qualified immunity defense that protects a police officer who acts in reliance on a warrant issued by a non-biased magistrate judge). Additionally, the Court's order and reasons dismissed the claim against Officer Brumfield in his official capacity as well as the 42 U.S.C. § 1983 claim against the City. Jordan failed to sufficiently allege that any official City policy was the "moving force" of the alleged constitutional violations. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (describing the high threshold of proof for demonstrating that a municipal policy caused a particular constitutional violation).

Plaintiff now challenges the dismissal of these claims on two bases: (1) the Court incorrectly held that Officer Brumfield's affidavit provided a sufficiently detailed description of the alleged harassment to support probable cause; and (2) the Court improperly drew inferences against Jordan and in favor of Officer Brumfield.[6] As explained below, neither contention has merit.

## STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within twenty-eight days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n. 1 (5th Cir.2004). A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Id.* Jordan filed this motion on March 15, 2016, within twenty-

---

[6] R. Doc. No. 25-1, at 1.

eight days of the Court's judgment on February 17, 2016. Accordingly, a Rule 59(e) analysis is appropriate.

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecommunications, Inc.*, No. 99–0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.).

## ANALYSIS

Having reviewed Jordan's motion for reconsideration, the Court is not persuaded that relief is warranted. In support of his Rule 59(e) motion, Jordan first argues that the affidavit submitted by Officer Brumfield in support of the warrant application did not provide sufficient detail to support the magistrate's finding of probable cause. However, the correct analysis is whether a reasonable person in Officer Brumfield's position "could have believed he had probable cause to arrest" based on the warrant—not whether the magistrate was correct in finding probable cause to

3

arrest. *See Navarro v. City of San Juan*, 624 F. App'x 174, 179 (5th Cir. 2015) (internal quotations and citation omitted) (holding that a police officer is "entitled to qualified immunity for an arrest if a reasonable person in [his] position could have believed he had probable cause to arrest"). A police officer is entitled to rely on a warrant unless it is obvious that no reasonably competent officer would have concluded that a warrant should issue under the circumstances. *United States v. Leon*, 468 U.S. 897, 923 (1984).

As this Court explained in its previous order and reasons,[7] a reasonable officer could have concluded that the warrant should issue under the circumstances. Officer Brumfield was therefore justified in relying on the magistrate judge's finding of probable cause and he is entitled to qualified immunity. This ground for relief is rejected.

Jordan next argues that this Court improperly drew inferences in favor of defendants and against Jordan by concluding that the complaint did not allege intentional mischaracterization of information known to Officer Brumfield when he applied for the warrant.[8] That is incorrect. It is true that an officer cannot rely on a magistrate's finding of probable cause to insulate him from liability if he intentionally misleads the magistrate by including information in a warrant application that the officer knows is false or would have known is false but for reckless disregard. *Triplett*, 684 F.3d at 504. Similarly, an officer may not omit true statements from a warrant affidavit that, if included, would vitiate probable cause. *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir.2006). Liability for such misstatements or omissions is referred to as "*Franks* liability," after the U.S. Supreme Court's opinion in *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). If the plaintiff establishes a *Franks* violation, the relevant inquiry is whether, excluding the false

---

[7] R. Doc. No. 23, at 9-10.
[8] R. Doc. No. 25-1, at 7.

4

information, there is sufficient evidence contained in the affidavit to support the magistrate's probable cause finding. *Hill v. New Orleans City*, No. 13-2463, 2015 WL 222185, at *12 (E.D. La. Jan. 13, 2015) (citing *Franks*, 438 U.S. at 156).

Read in the light most favorable to Jordan, Jordan's complaint cannot sustain a *Franks* liability claim. The complaint nowhere alleges that the allegations in Officer Brumfield's affidavit were false. At worst, Jordan challenges Officer Brumfield's characterization of Jordan's behavior as harassment.[9] But that characterization, even if ultimately incorrect, was not unreasonable.[10] *See United States v. Brown*, 298 F.3d 392, 399, 404 (5th Cir. 2002), 404 (holding that an officer's conclusion in an affidavit about the identity of an unnamed person was not made with reckless disregard for truth because the underlying facts made such a deduction reasonable). Officer Brumfield did not demonstrate reckless disregard in describing Jordan's bizarre, repetitive attempts to publicly damage Ms. Sens-Crowley, which purportedly caused her to be afraid for herself and her family, as harassment. Such a description was negligent at most. *Hill*, 2015 WL 222185, at *12 (citing *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980)) ("[N]egligent omissions will not undermine the affidavit.").

---

[9] Jordan admits in the complaint that he sent the letters cited in the affidavit and that he was the leader of a group "made up of persons possessing concealed handgun permits." R. Doc. No. 1, at 4-5.

[10] "Stalking is the intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress." LA.REV.STAT. § 14:40.2(A). Louisiana defines "harassing" as "the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, [or] sending messages via a third party. . . ." LA.REV.STAT. § 14:40.2(C)(1). While Jordan argues that "harassment" is a "legal term," R. Doc. No. 25-1, at 4, the word "harass" is also a verb used in common parlance. *See* Merriam—Webster's Online Dictionary, http://www.merriam-webster.com/dictionary/harass (last visited June 1, 2016) (defining "harass" as "to annoy or bother (someone) in a constant or repeated way" and "to make repeated attacks against (an enemy)"). Accordingly, the term "harassing" can reasonably have been used in the ordinary sense and not the legal one.

Rather than present additional evidence, or demonstrate a manifest error of law or fact, Jordan seeks to relitigate issues previously decided by this Court.  Jordan has not presented any new evidence or persuaded the Court that it made *any* errors in its February 17, 2016 order and reasons, let alone the manifest errors of law or fact necessary to entitle a party to alteration or amendment of a judgment under Rule 59(e).  Accordingly, relief pursuant to Rule 59(e) is not warranted.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Jordan's motion is **DENIED.**

New Orleans, Louisiana, June 1, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**